**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                       No. 99-4561

SOL PERRY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-98-383)

Submitted: February 15, 2000

Decided: March 9, 2000

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David R. Solomon, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Richard C. Kay, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sol Perry appeals her conviction and 151-month sentence for conspiracy to import cocaine in violation of 21 U.S.C.§ 963 (1994). Perry contends that the district court abused its discretion in admitting evidence of prior bad acts under Fed. R. Evid. 404(b) and in admitting a co-conspirator's statement that she alleges was not in furtherance of the charged conspiracy. We have reviewed the parties' briefs and the record and affirm.

We find that the district court did not abuse its discretion in admitting Leonard Owens' testimony that Maricus Love informed him Perry would do "certain errands" for another co-conspirator by transporting "certain money" from the United States to Panama. See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991). We conclude the testimony did not concern prior bad acts under Rule 404(b) and therefore was properly admitted. Even if the testimony did concern prior bad acts, it was admissible to show Perry's intent to participate in and knowledge of the charged conspiracy. See Fed. R. Evid. 404(b); United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993).

Furthermore, we conclude the court did not abuse its discretion in admitting a portion of Lisbeth Simms' testimony under Fed. R. Evid. 801(d)(2)(E). See United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). We find the statement was made between co-conspirators and in furtherance of the charged conspiracy. See Bourjaily v. United States, 483 U.S. 171, 175 (1987) (holding that for statement to qualify for Rule 801(d)(2)(E) exception, "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made `during the course and in furtherance of the conspiracy.'").

Accordingly, we affirm Perry's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED